IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Cindy L. Wagner, | ) | No. 18-31738 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Judge A. Benjamin Goldgar |

## HOBO INVESTMENTS, LLC'S OBJECTION TO CONFIRMATION OF THE CHAPER 13 PLAN FILED JUNE 4, 2019

NOW COMES, Hobo Investments, LLC, by its attorney, Paul M. Bach of Bach Law Offices, Inc. and Objects to Confirmation of the Chapter 13 Plan filed on June 4, 2019 as to 3109 Gabriel Avenue, Zion, Illinois regarding PIN 04-28-121-005 and states as follows:

1. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor under Chapter 13 of the United States Bankruptcy Code on November 12, 2018.

2. The Debtor listed on Schedule A of her Bankruptcy Schedules an ownership interest in the real estate commonly 3109 Gabriel Avenue, Zion, Illinois regarding PIN 04-28-121-005.

3. On November 16, 2015, Hobo Investments, LLC purchased the 2014 General Real Estate Taxes for 3109 Gabriel Avenue, Zion, Illinois regarding PIN 04-28-121-005 and paid a total of $6,821.14. *See* Certificate of Purchase attached to Petition for Tax Deed as an Exhibit to this Objection.

4. Since the purchase of the 2014 General Real Estate Taxes, subsequent General Real Estate Taxes for 2015 (Both Installments), 2016 (Both Installments) and 2017 (Both Installments) have been paid and costs incurred totaling $37,751.61.

5. A Petition for Tax Deed (which is attached as an Exhibit) in the Circuit Court of Lake

County which was given case number 2018 TD 000506.

6. The Debtor has been previously served with the Petition for Tax Deed and the final redemption date was November 14, 2018.

7. The Debtor initially in this case did not list Hobo Investments, LLC. as a creditor. The first the Debtor filed anything relating to Hobo Investments, LLC was on February 19, 2019 when an Amended Schedule D was filed (Docket 22). The Amended Plan filed on February 19, 2019 (Docket 23) was never served on Hobo Investments, LLC (Docket 25). The Amended Plan filed on April 11, 2019 (Docket 31) was served on Hobo Investments, LLC (Docket 32). The Amended Plan filed on June 4, 2019 (Docket 39) was not served on Hobo Investments, LLC (Docket 32). In fact, the Amended Plan filed on June 4, 2019 has never been noticed to any creditor.

8. In essence, there has only been any effective notice to Hobo Investments, LLC of one proposed Chapter 13 Plan which is no longer before the court as the result of the filing of a subsequent proposed Chapter 13 Plan.

9. As a result of lack of notice to Hobo Investments, LLC this creditor was not aware of this Bankruptcy Case until recently and has not previously participated in this case. As a result of the fact Hobo Investments, LLC was not given initial timely notice of the Bankruptcy Case Hobo Investments, LLC was not given timely notice to file a Proof of Claim and was deprived of that opportunity.

10. On June 4, 2019, the Debtor filed a Chapter 13 Plan (which is not yet confirmed) that does not provide for Hobo Investments, LLC in any way (Hobo Investments LLC is not mentioned) and is not confirmable as a matter of law.

11. The Chapter 13 Plan filed June 4, 2019 provides for a plan payment of $1,150.00 per month

for three months and $1,225.00 for thirty three months.. The Plan does provide for the Lake County Clerk in the amount of $34,118.40 at 18% (wrong party).    The Plan should provide for Hobo Investments, LLC in the amount of $37,751.61 at 18%.  The interest rate provided is sufficient.

12. The Debtor provides in Schedule J for the payment of future real estate taxes at the rate of $600.00 per month and despite this provision the Debtor has not paid the first post petition payment to the County of Lake which was due June 6, 2019 in the amount of $3,501.43 (amount through June 30, 2019).  Additionally, the second installment is due on September 1, 2019 in the amount of $3,449.68.

13. Additionally the post petition taxes are not specifically provided for in the plan. Additionally, since this Debtor has not paid any real estate taxes for at least 3 years it is not allowable or advisable to provide for the taxes to be held by the Debtor.  Any amount for real estate taxes should be held by a third party and paid monthly by the Debtor.

14. The Debtor's Income is $3,399.00 per month as stated on Schedule I and is based only on social security/disability income of the Debtor and her month.  Social Security income does not need to be committed to a Chapter 13 Plan and can be withdrawn at any time by the holder making this Chapter 13 Plan infeasible.   Schedule J provides for expenses that are beyond barebones and are not maintainable.  Hobo Investments, LLC objects to the feasibility of the Chapter 13 Plan filed on June 4, 2019 as a result.

15. That the Debtor's plan, as filed, improperly attempts to modify the rights of Hobo Investments LLC.

16. Hobo Investments, LLC objects to the Debtor's Chapter 13 Plan filed June 4, 2019 for the reasons stated above and below.

17. Hobo Investments LLC objects to the Debtor's Chapter 13 Plan filed June 4, 2019 for the reasons stated above and as follows:

   a. The 2018 First Installment of Real Estate Taxes (due post petition) is delinquent in the amount of $3,501.43 (amount through June 30, 2019) and must be paid immediately by the Debtor;

   b. The Payment of future Real Estate Taxes is not provided for in the Plan and the amount to pay this amount should be deposited into an account controlled by a Third Party such as Hobo Investments LLC to assure that funds for Real Estate Taxes are actually paid on a monthly basis;

   c. A default order should be required to make sure the Debtor makes payments monthly to an taxes escrow and to the Chapter 13 Trustee;

   d. Additionally, the Debtor must immediately make post petition payments for real estate taxes (beginning with the first installment of 2018) and keep the property insured. The Plan and by order the Court should order the Debtor to make payments for real estate taxes and insurance with stay relief to Hobo Investments LLC if such payment are not made.

WHEREFORE, Hobo Investments, LLC asks this Honorable Court to enter an order denying confirmation of the Debtor's Chapter 13 Plan dated June 4, 2019 and further relief as is just and equitable.

>                                Respectfully Submitted,
>                                Hobo Investments, LLC
>                                BY:/s/Paul M. Bach

Paul M. Bach
Bach Law Offices, Inc.
P.O. Box 1285
Northbrook, Illinois 60062
847 564 0808